CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LINDA S. BOBLETZ,

-vs-
                **No. 3:14-CV-1024 TJM/DEP**

KARL STORZ ENDOSCOPY AMERICA, INC.
_____

**IT IS HEREBY ORDERED THAT,** pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable DAVID E. PEEBLES, United States Magistrate Judge on **February 20, 2015 at 11:30 a.m.** at the United States Courthouse, Binghamton, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following the Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below **on or before February 9, 2015 (per the Court's Text Notice/Order).** Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

1) **JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the **20th day of June 2015.**

2) **AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the **20th day of June 2015.**

3) **DISCOVERY:** All discovery in this action shall be completed on or before the **20th day of March 2016. (Discovery time table is to be based on the complexity of the action).**

4) **MOTIONS:** All motions, including discovery motions, shall be made on or before the **20th day of May 2016. (Non-Dispositive motion including discovery motions may only be brought after the parties have complied with section IX of General Order #25).**

5) **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the **20th day of July 2016.** It is anticipated that

the trial will take approximately **3 weeks** to complete. The parties request that the trial be held in **Syracuse, New York. (The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:  XX   YES __ NO**

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURIDICTION? HAVE ALL PARTIES BEEN SERVED?**

Yes; Yes; Yes per Amended Complaint.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiff's Amended Complaint alleges causes of action for product liability and negligence against Defendant KSEA with regard to its Rotocut power morcellator that was used in Plaintiff's August 2011 surgery. Defendant KSEA denies that the product was defective and denies that it was negligent. It also denies that its use caused injury to the plaintiff.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINETLY IN DISPUTE?**

At this time, all factual and legal issues are in dispute.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

Some of the issues have already been narrowed upon agreement of the parties after Defendant KSEA filed its Rule 12(b)(6) motion. It is anticipated by Defendant KSEA that a motion to preclude Plaintiff's expert witnesses and a summary judgment motion will be filed after discovery is complete.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

Plaintiff seeks monetary damages. Defendant will seek dismissal of the action via dispositive motion.

## 12) DISCOVERY PLAN:

**A.** <u>**Mandatory Disclosures**</u>

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before **February 9, 2015 per the Court's prior Text Notice.**

**B.** <u>**Subjects of Disclosure**</u>

The parties jointly agree that discovery will be needed to address the following subjects: **liability, causation and damages.**

**C.** <u>**Discovery Sequence**</u>

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

**The parties intend to complete the initial phase of discovery, including the deposition of Plaintiff and the physician that performed her surgery, within the next 6 to 9 months. Thereafter, a KSEA Rule 30(b)(6) witness(es) will likely be deposed followed by depositions of one or more of the defendant's employees. Non-party witnesses, other than the non-party surgeon, may also be deposed. This fact discovery will then be followed by expert disclosure. See part E set forth below.**

**D.** <u>**Written Discovery**</u>

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34, and 36, including when the will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

**The parties intend to serve their initial discovery demands regarding liability and damages on or before March 20, 2015.**

**E.** <u>**Depositions**</u>

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

**It is anticipated that in the first stage of discovery, the deposition of Plaintiff and the doctor that performed her surgery will be conducted.**

Thereafter, a Rule 30(b)(6) witness(es) will likely be deposed followed by depositions of one or more of the defendant's employees. Non-party witnesses, in addition to the non-party surgeon, may also be deposed, including Plaintiff's treating physician(s). The completion of fact discovery will be followed by expert witness disclosure and depositions.

F.   **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety day, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery)

**Both parties intend to retain experts regarding liability, causation and damages.**

G.   **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreement reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreement regarding the manner in which electronically stored information subject to claims of privilege or work produce protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

**Counsel for both parties have discussed electronic discovery and anticipate that they will negotiate a mutually satisfactory electronic discovery plan that will be stipulated to by the parties and presented to the court to be "So Ordered".**

H.   **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c) describe the basis for the request and nature of the proposed protective order.

   The parties will negotiate a confidentiality agreement to be presented to the court to be "So Ordered" regarding confidential and proprietary information of KSEA.

   I.  <u>**Anticipated Issues Requiring Court Intervention**</u>

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

**Unknown at this time.**

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIREABLE TO BIFURCATE ISSUES FOR TRIAL?**

Unknown at this time.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CASE BE CERTIFIED?**

Not applicable.

**16) WHAT ARE THE PRSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

    (**1**)--2-----3-----4-----5-----6-----7-----8-----9-----10
    (VERY UNLIKELY) →→→→→→→→→→→(LIKELY)

**HOW CAN SETTLEMENT REPORTS BE ASSISTED?**

Unknown at this time.

*(Do not indicate any monetary amounts at this time; settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

***COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACT CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.***

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

**A. Reviewed General Order #4?**    YES

**B. Reviewed the list of Court Approved Mediators available on the NDNY website?**
                    YES

**C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program?**    YES.  Defendant KSEA has instructed counsel not to participate in settlement discussions.

**D.**    **Discussed the time frame needed to complete Mandatory Mediation?**  YES

*******************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on January 30, 2015 via telephone, and was attended by:

Andres Alonso, for Plaintiff Linda Bobletz.

Michael Shalhoub, for Defendant KSEA.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action.  The parties advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.*